PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

# United States District Court

District
EASTERN DISTRICT OF CALIFORNIA

| Name | Prisoner No. | Case No. |
|------|------|------|
| Joseph Anthony Stafford | V-88805 | |

Place of Confinement
CSP-Solano, Box 4000, 2-146
2100 Peabody Rd.
Vacaville, CA 95696-4000

2 0 8 - 0V - 1 4 1 7    CKK KC

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|------|------|
| Joseph Anthony Stafford | D.K. Sisto, Warden |
| | V. |

The Attorney General of the State of:

California

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Alameda Co. Superior Court.

   1225 Fallon St., Oakland, CA 94612

2. Date of judgment of conviction  6-22-2005

3. Length of sentence  17 years at 85%

4. Nature of offense involved (all counts)  Attempted murder with a firearm

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐
   (c) Nolo contendere ☒
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

FILED

JUN 20 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

(2)

AO 241 (Rev 5/85)

9. If you did appeal, answer the following:

(a) Name of court   N/A

(b) Result N/A

(c) Date of result and citation, if known  N/A

(d) Grounds raised  N/A

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  N/A

(2) Result  N/A

(3) Date of result and citation, if known  N/A

(4) Grounds raised  N/A

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court  N/A

(2) Result  N/A

(3) Date of result and citation, if known  N/A

(4) Grounds raised  N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court  Alameda Co. Superior Ct.

(2) Nature of proceeding  Habeas Corpus / P.C. 1237.5 petition

(3) Grounds raised  Same as in this habeas petition

(3)

___

___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ⬚ No ⊠

(5) Result **Denied - see Exhibit B, attached**

(6) Date of result **4-24-2007**

(b) As to any second petition, application or motion give the same information:

(1) Name of court **Calif. Court of Appeals, First Appellate District**

(2) Nature of proceeding **Habeas Corpus / 1237.5 petition**

___

(3) Grounds raised **Same as in this habeas petition.**

___

___

___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ⬚ No ⊠

(5) Result **Denied - see Exhibit C attached**

(6) Date of result **6-14-2007**

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ⊠  No ⬚  **Denied see Exhibit D, attached**
(2) Second petition,    Yes ⬚  No ⬚

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___

___

___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

- (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
- (b) Conviction obtained by use of coerced confession.
- (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- (e) Conviction obtained by a violation of the privilege against self-incrimination.
- (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- (g) Conviction obtained by a violation of the protection against double jeopardy.
- (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- (I) Denial of effective assistance of counsel.
- (j) Denial of right of appeal.

A. Ground one: There was constitutional basis for the California courts to certify Stafford's issues with a certificate of probable cause. Due process, equal protection of law, ineffective assistance of counsel, 5, 6 14 Amendments.
Supporting FACTS (state *briefly* without citing cases or law) Stafford pled nolo contendere to

attempted murder and personal use of a firearm. under Calif. law he is

required to get a cettificate of probable cause to appeal the excessive term

he received for the firearm enhancement. the Calif. courts refused to accept

his reasons and authorities for review of his contentions and have violated

several constitutionally protected rights in an attempt to evade review of his

constitutional issues - Primarily this is a Cunninbham appeal.

B. Ground two: Facts pled to must be charged as a matter of law under P.C. 1170.1 (e), a 10 year enhancement under P.C. 12022.5(a) is not statutorily authorized given the circumstances - judge exceeded his statutory authority - due process.
Supporting FACTS (state *briefly* without citing cases or law): Stafford was not properly charged to

support the enhancement and the necessary statutes to suport it were never

levied against him.

C. Ground three: The sentencing court's choice of the upper term of 10 years under 12022.5(a)(1), and to run consecutively violates 1170.1 (d)(h) without stating the required resons for that sentencing choise, also violates dual use of facts due process, equal protection of the law,multiple punishments 8, 14 amends.
Supporting FACTS (state *briefly* without citing cases or law): Stafford's 10 year aggravated enhancement is invalid due to the U.S. Supreme Ct.'s invalidation of a part of Calif.'s sentencing system which gives the sentencing judge authority to aggravate terms on his own without input from a jury. Also, the sentencing did not state its reasons for its specific sentencing choices on the record, and chose to violate the sentencing laws as the are.

D. Ground four: Stafford's sentence enhancement set to the 10 year upper term violates the due process of law under the 14th amendment according to Cunningham which encompasses both sentencing after trial by jury and sentencing after entry of a plea 6th. amendment - effective assistance of counsel.
Supporting FACTS (state *briefly* without citing cases or law): Stafford's attorney did not inform him of his options and the full range of sentencing options that should have been presente to him to have made his plea fullt "voluntary and knowing". The judge relied on facts beyond those admitted by Stafford in his nolo plea.,

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing David Billingsley - Alameda co. Public Defender's office.

Oakland, CA.

(b) At arraignment and plea Same as above

GROUND 5:  stafford has suffered ineffective assistance of counsel which occurred prior to plea
and sentencing, for failing to investigate and file motions with the court, advise Stafford
of issues raised in grounds 1 & 2 above.  That negligence on the part of defense counsel
rendered the nolo plea itself unknowing and involuntary causing a  miscarriage of justice
by violating the 6th. and 14th. Amendments U.S. constitution.

supporting facts: Counsel Billingsley did not investigate the facts and circumstances
surrounding Stafford's case prior to entering into plea negotiations with the prosecution
nor did he investigate the relevant sentencing laws which could have benefitted Stafford,
and thorugh his negligence denied Stafford the minimal representationm necessary to
provide adequate counsel.  The various statutes that could have helped Stafford were kept
from him for ewhatever reason and denied adequate counsel.

(c) At trial   **N/A**

(d) At sentencing   **David Billingsley**

(e) On appeal   **N/A**

(f) In any post-conviction proceeding   **All pro se**

(g) On appeal from any adverse ruling in a post-conviction proceeding **All pro se**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future:

**N/A**

(b) Give date and length of the above sentence:   **Current sentence is 17 years @ 85%.**

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____**N/A**_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

_6- 18 - 08_
(date)

_____
Signature of Petitioner

(7)

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

PETITION FOR WRIT OF HABEAS
CORPUS
OPENING BRIEF OF PETITIONER

JOSEPH ANTHONY STAFFORD, PETITIONER

vs

D.K. SISTO., WARDEN, RESPONDENT

No. _____

Calif. Supreme Ct. #S154852

Calif. App. #A117893

Alameda Co. #H38017

TABLE OF CONTENTS

TABLE OF AUTHORITIES .   •   •   •   •   •   •   •   •   •   •      i

TABLE OF CASES .   •   •   •   •   •   •   •   •   •   •   •      i

TABLE OF EXHIBITS   •   •   •   •   •   •   •   •   •   •   •    iii

JURISDICTION   •   •   •   •   •   •   •   •   •   •   •   •      1

STATEMENT OF THE CASE   •   •   •   •   •   •   •   •   •   •      1

Argument  .   •   •   •   •   •   •   •   •   •   •   •   •      2

GROUND  1   •   •   •   •   •   •   •   •   •   •   •   •      6

GROUND  2   •   •   •   •   •   •   •   •   •   •   •   •      8

GROUND  3   •   •   •   •   •   •   •   •   •   •   •   •     12

GROUND  4   •   •   •   •   •   •   •   •   •   •   •   •     14

    UNCONSTITUTIONAL FACT FINDING .   •   •   •   •   •   •   •     14

    FACT FINDING TO AGGRAVATE APPLIES TO PLEAS   •   •   •   •   •     15

GROUND  5   •   •   •   •   •   •   •   •   •   •   •   •     16

CONCLUSION   •   •   •   •   •   •   •   •   •   •   •   •     18

PRAYER FOR RELIEF   •   •   •   •   •   •   •   •   •   •   •     19

VERIFICATION   •   •   •   •   •   •   •   •   •   •   •   •     21

EXHIBITS A – D

TABLE OF AUTHORITIES

U.S. Const. Amend.  5
U.S. Const. Amend.  6
U.S. Const. Amend.  8
U.S. Const. Amend.  14


28 USC 2254§(d)(1)(2)


Calif. Const. Art. I sec 7


P.C. 187(A)/664
P.C. 245(a)(1)(2)
P.C. 654(a-c)
P.C. 667.5(c)(1)(12)
P.C. 1170(a)(2)
P.C. 1170(b)
P.C. 1170.1(a-h)
P.C. 1170.11
P.C. 1192.5
P.C. 1237.5


12022.5
12022.5(a-h)


CRC Rule 4.420(c)(d)
CRC Rule 4.551(g)
CRC Rule 408(a)
CRC Rule 420(b)
CRC Rule 423
CRC Rule 439(b)
CRC Rule 441(c)


TABLE OF CASES
Cunningham v Calif. 549 U.S. _____ (2007)
Wharton v Bockting 549 U.S. _____ (2007)
Teague v Lane 103 LEd2d 334
Santobello v New York 404 U.S. 257

i

Dix v Superior Ct. 53 C.3d 442
King v Hoke 825 F2d 720
Davis v Bryan 889 F2d 720
In re Terry 4 C.3d @ 916
In re King 3 C.3d 226,229 fn.2
In re Harris 5 C.4th 813, 841
People v Black 35 C.4th 1230
Apprendi v New Jersey 530 U.S. 466
Blakely v Wash. 542 U.S. 296
People v Bobbit 138 Cal.App.4th 445, 447-48
People v Shelton 37 C.4th 759, 766
People v Pannizon 13 C.4th 68, 79
People v Black (II) _____ C.4th _____ (July 2007) #S126182
People v Gomez WL 2247213
Bowie v Carey (E.D. Cal., 2006) #03-1172
Peltier v Wright 15 3d 860, 862
Oxborrow v Eikenberry 877 F2d 1395, 1399
Contreras v Rice 5 F.Supp.2d 854, 862
Luna v Cambra 306 F3d 954 (9th.)
People v Warburton 7 Cal.App.3d 815, 819, 820
In re Brown 9 C.3d @ 83 fn.6
People v Ribiero 4 C.3d @ 63 fn.4
Magge v Superior Ct. 8 C.3d 949, 954
People v Scott 9 C.4th 331, 339-40
People v Ledesma 16 C.4th 90
People v Hernandez 46 C.3d 194
People v Felix 22 C.4th 651
Neal v Calif. 55 C.2d 11, 16-17
People v Harris 255 Cal.Rptr. 352
People v Ortega 84 Cal.App.4th 659
People v Stofle _____ Cal.App.4th _____, #A067877
In re Robbins 18 C.4th 770 fn.15
Strickland v Wash. 466 U.S. 691
In re Vargas 100 Cal.Rptr.2d 269-71
People v Vargas 13 Cal.App.4th @ 1667
People v Jones 123 Cal.App.4th 62

People v King 5 C.4th 59, 78 fn.5
Sheppard v Rees (9th.) 909 F2d 1234
U.S. v Adamson (9th.) 291 F3d 606
Alexander v Superior Ct. 5 C.4th 1218, 1225
People v Strickland 11 C.3d 946, 959-96
People v Floyd 71 C.2d @ 883
In re Shull 23 C.2d @ 749
People v Provencher 33 Cal.App.3d 546, 548-50
People v Casper 33 C.4th @ 41
Oliver 333 U.S. 257, 273
People v Deloza 18 C.4th 585, 591
U.S. v McNeese 901 F2d 585
U.S. v Jones 908 F2d 365
U.S. v Fuentes-Barahona 111 F3d 651
Huddleston v U.S. 39 LEd2d 782
People v Hill 207 Cal.App.3d 1574
People v Jefferson 21 C.4th 86, 95
People v Cambell 40 C.4th 808
People v Voca 38 Cal.App.4th 804, 807-08
People v More 178 Cal.App.3d 898
People v Belmontes 34 C.3d 355
Jones v U.S. 526 U.S. 227
Harris v U.S. 536 U.S. 545, 557-66
Ring v Arizona 536 U.S. 584
U.S. v Booker 543 U.S. 220
People v Jones 10 C.4th 1102-06
In re Ricky H. 30 C.3d @ 191
n re Dennis 104 Cal.App.3d 16
In re James 101 Cal.App.3d 332, 229
In re Eugene R. 107 Cal.App.3d @ 618
People v Alvernaz 2 C.4th @ 937
In re Williams 1 C.3d 168

TABLE OF EXHIBITS

A - REPORT & SENTENCE and ABSTRACT OF JUDGEMENT
B - ALAMEDA CO. SUPERIOR CT. HABEAS DENIAL
C - FIRST DISTRICT APPELLATE CT. HABEAS DENIAL
D - CALIF. SUPREME CT. HABEAS DENIAL

## JURISDICTION

This court has jurisdiction to hear and decide this habeas corpus petition under 28 USC §2254(d)(1)(2); U.S. Constitution Amendments 5, 6, 8 & 14; Cunningham V Calif. 549 U.S. _____ (2007); Wharton v Bockting 549 U.S. _____ (2007); Teague v Lane 103 LEd2d 334; Santobello v New York 404 U.S. 257.

Stafford has raised all of the issues contained in this habeas petition in the state courts at all three levels and has therefore exhausted them as required for federal review.

Also, under Cunningham, the following considerations do arise since Cunningham invalidates the upper term sentence Joseph Anthony Stafford, the petitioner (hereinafter, Stafford) received absent ANY additional findings by a jury, he is entitled to all the same rights and procedures at resentencing and all these issues now come to light under the "new law" of Cunningham: @ 1-2, 6-7, 8-10, 12 fn.10, 15-16, 17, 20, 21; Dix v Superior Ct. 53 C.3d 442:

> "When a case is remanded for resentencing after an appeal, the defendant is entitled to all the normal rights and procedures available at his original sentencing, including consideration of any pertinent circumstances that have arisen since the prior sentences were imposed."

In King v Hoke 825 F2d 720:

> ""It is well established... or materially false assumptions as to any facts relating to sentencing RENDERS THE ENTIRE SENTENCING PROCEDURE INVALID as a violation of due process." (Emphasis added.) See also U.S. v Malcolm 432 F2d 809, 816 citing Townsend v Burke 92 LEd2d 1690."

And in Davis v Bryan 889 F2d 445:

> "Petitioner has a due process interest in having the correct sentence imposed by the proper authority."

Under Calif.'s "new law" principle, the courts are required to consider and apply new U.S. Supreme Ct. decisions such as in Cunningham to appellants / petitioners - In re Terry 4 C.3d @ 916; In re King 3 C.3d 226, 229 fn.2; In re Harris 5 C.4th 813, 841.

Stafford has been in the Calif. courts on the issues within this habeas petition since 4-23-07, during which time there have also been two separate lockdowns on Yard 1 where he resides. Since an inmate who researches, writes and types his petitions lives in a different building and with whom he was allowed no contact during those lockdowns, those two lockdowns totaling 61 days have impacted his ability to file his petitions. Those lockdowns ran from 1-28-08 to 2-28-08 and 3-27-08 to 4-27-08. Stafford should not be penalized for those 60 days as they constituted a lack of access to the courts by the institution the same as a failure to provide law library access would.

## STATEMENT OF THE CASE

Stafford was convicted after a nolo plea on 6-22-05 and was sentenced to a total term

1

of 17 years at 85% - 7 years for the attempted murder (the mid-term) under P.C. §187(A)/664, and 10 years for the firearm enhancement (the upper-term) under H&S Code §12022.5(a) - set to run consecutively - see Ex. A. Stafford did not file a direct appeal in this case as one would have been futile at that time since People v Black 35 C.4th 1230 was decided two (2) days prior to Stafford's sentencing, and until Cunningham was decided 19 Months later on 1-22-07, Stafford had no recourse on these issues within the calif. courts.

Stafford filed his initial habeas petition in the Alameda Co. Superior Ct. (#H-38017) on 4-23-07, which was denied on 5-3-07 (Ex. B). Then he filed in the First Dist. Appellate Ct. (#A117893) on 5-22-07, which was denied on 6-14-07 (Ex. C). Finally he filed in the Calif. Supreme Ct. (#S154852) on 7-20-07 which was denied on 1-16-08 without citation or opinion. This habeas petition follows.

## Argument

The Calif. courts have ignored and ruled contrary to clearly established federal law according to the U.S. Supreme Ct. in violation of 28 USC §2254(d)(1)(2). The U.S. Supreme Ct. has ruled repeatedly in Apprendi v New Jersey 530 U.S. 466; Blakely v Washington 542 U.S. 296;and now Cunningham v Calif. 549 U.S. _____ (2007), that prisoners sentenced to "upper" range sentences without additional findings in aggravation by a jury cannot be sentenced to that upper term by a judge. That the elements of the crime alone do not allow that upper term sentence, and that whether after a trial by jury, or sentencing after entry of a plea; the sentencing judge may NOT sentence a defendant to an upper term by making findings in aggravation on his own. To do otherwise violates a defendant's right to due process of law as guaranteed by the U.S. Constitution's 14th. Amendment.

Stafford was sentenced to 7 years for attempted murder under §187(A)/664, and 10 years for the firearm enhancement under §12022.5(a). 7 years is the mid-term for attempted murder, and 10 years is the aggravated upper-term for the firearm enhancement. It is that 10 year upper-term for the firearm enhancement that is being challenged herein. Stafford has no prior prison commitments and no gang affiliations.

Stafford has raised all of the issues contained within this habeas petition in the state courts and has therefore exhausted them. The ONLY state court that gave ANY reasoning for their habeas denial was the Alameda Co. Superior Ct. (Ex. B). The State Appellate Ct. gave only a bare cite to People v Bobbit 138 Cal.App.4th 445, 447-48 (Ex. C). And The Calif. Supreme Ct. gave no citation or opinion regarding their denial of Stafford's habeas petition. The Superior Ct. ruled on Ex. B that :

"There were no violations of Petitioner's [Stafford's] rights to due process.

2

Thus, there is no basis for the issuing of a Certificate of Probable Cause. Alleged Apprendi / Blakely / Cunningham error is not addressed without such certificate, People v Bobbit (2006) 138 CA 4th 445."

And in that same decision by the Superior Ct. they stated:

"The line of cases, Apprendi / Blakely and Cunningham do not apply where a defendant agrees to a specific term of imprisonment that involves the use of an aggravated term to achieve that specific term."

In truth, those two statements by Judge Goodman of the Alameda Co. Superior Ct. are in direct contradiction to justice Ginsburg's delivery of the opinion of the U.S. Supreme Ct. in Cunningham on pg.'s 1 & 15 [*NOTE* ALL cites to Cunningham are noted from the Slip Opinion and its page numbering], wherein she stated:

"[pg. 1] "The facts so found are neither inherent in the jury's verdict NOR EMBRACED BY THE DEFENDANT'S PLEA...." (Emphasis added.)

[pg. 15] "An element of the charged offense, essential to a jury's determination of guilt, OR ADMITTED IN A DEFENDANT'S GUILTY PLEA, does not qualify as such a circumstance." (Emphasis added.)

So, Cunningham DID contemplate their being no difference whatsoever between sentencing after trial by jury or a plea agreement, and therefore Judge Goodman's statements to the contrary in his decision denying Stafford's habeas petition were objectively unreasonable and involved an "unreasonable application of clearly established federal law as determined by the Supreme Court of the united States"; and it also "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."; both of which are violations of 28 USC §2254(d)(1)(2), which are usually an either/or determination, but in this case, the state courts violated BOTH subsections. As a result, this court should hear and decide this current habeas petition of Stafford's.

Another question involving this court's jurisdiction to decide these issues is whether or not Cunningham is retroactive to cases "final" before the date Cunningham was decided on 1-27-2007. As stated above in the "JURISDICTION" section of this brief, this court DOES have jurisdiction under Teague v Lane; and Wharton v Bockting. Wharton states regarding retroactivity of a Supreme Ct. ruling:

"(a) Under Teague's framework.... applies retroactively in a collateral proceeding only if it (1) is substantive or (2) is a watershed rule that implicates "the fundamental fairness and accuracy of the criminal proceeding."

There is also Calif. state law precedent why the Calif. court's should have heard Stafford's issues, that a new U.S. Supreme Ct. decision justifies post appeal habeas corpus petitions - Terry, Supra; King, Supra; Harris, Supra, which Stafford DID raise before the state supreme ct. on habeas.

Both Teague and Wharton construed the 'Watershed Rule' of retroactivity of court

3

decisions. In Wharton, the U.S. Supreme Ct. ruled citing Teague (see cite above). Since the Cunningham decision DOES implicate the fundamental fairness of the sentencing proceeding and places the determination of any facts in aggravation before the jury and out of the hands of the trial judge; in combination with the fact that this IS a matter of RIGHT and not simply of judicial discretion. Therefore, the two requirements in Teague and Wharton operating in an either/or context are BOTH satisfied in Cunningham and in Stafford's case here:

(1) Substantive – as of right – Stafford has the right to have had a jury and not the judge decide any factors in aggravation; or (2) it implicates the fundamental fairness and accuracy of the criminal proceeding – the evidentiary standard before the jury is higher (beyond a reasonable doubt and not simply by a preponderance of the evidence as before a judge), and calls into play due process of law. Therefore Cunningham IS retroactive to sentences under the DSL all the way back to its inception in 1977; and Stafford, who was sentenced on 6-22-05, 2 days AFTER Black, Supra,was decided by the Calif. Supreme Ct., and 19months prior to the Cunningham decision, is certainly entitled to review under Cunningham.

Black was specifically overruled in Cunningham on pg. 21 of the U.S. Supreme Ct.'s ruling:

"To summarize: Contrary to the Black court's holding, our decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum. Because the DSL authorizes the judge, not the jury,to find the facts permitting an upper term sentence, THE SYSTEM CANNOT WITHSTAND MEASUREMENT AGAINST OUR SIXTH AMENDMENT PRECEDENT.[16]"

[16].... The Black court did not modify California law so as to align it with this court's Sixth Amendment precedent. See 35 Cal.4th @ 1273 [citations ommitted] Rather, it construed this court's decisions in an endeavor to render them consistent with California law. The Black court's interpretation of federal constitutional law plainly does not qualify for this court's deference."

And now, in Stafford's case, Calif.'s state court's have again sought to mold "Apprendi / Blakely / Cunningham" to comply with Calif. state law such as Bobbit in Stafford's case,rather than apply U.S. Supreme Ct. precedent properly to Stafford's situation. So, Calif.'s courts continue to arrogantly mis-apply U.S. Supreme Ct. precedent in an "objectively unreasonable" manner in violation of 28 USC §2254(d)(1)(2).

Stafford did assert to the Calif. courts that Cunningham is "new law" within the meaning of Terry, King, and Harris – above,and therefore binding on all Calif. judges. Which fact was ignored by the judges who denied his habeas petitions before them.

In Bobbit @ 447-48, the case relied upon by the Calif. court's to deny Stafford's habeas petitions, the court relied upon 2 Calif. precedents to deny Bobbit relief – People v Shelton 37 C.4th 759, 766; and People v Pannizon 13 C.4th 68, 79. Both cases basically ruled that a challenge to a sentence negotiated and pled to is viewed as a challenge to the validity of the plea itself and thus requires a certificate of probable cause under P.C. §1237.5, and without that certificate of probable cause no appeal may be

heard regarding any aspect of a plea bargain.

This raises an inherent conflict of interest, since the sentencing court itself must issue the certificate of probable cause, then that court would in effect be expected to overrule itself in the finding of "good cause" necessary to issue that 1237.5 certificate of probable cause. Under Shelton @ 766, it states:

"(1) Penal Code section 1237.5 provides that a defendant may not appeal "from a judgement of conviction upon a plea of guilty or nolo contendere" unless the defendant has applied to the trial court for, and the trial court has executed and filed, "a certificate of probable cause for such appeal."

"..., a defendant must apply for and obtain a certificate of probable cause as required by P.C. section 1237.5 unless "The notice of appeal states that the appeal is based on [¶](A)..., or [¶](B) grounds that arose after entry of the plea and do not affect the plea's validity."

Which is of course the case here. As in Pannizon:

"The critical issue is what the ... defendant is challenging, not the time or manner in which the challenge is made."

The Calif. state courts KNEW these issues were raised by Stafford, unless they altogether neglected to even read the briefs and included documents he submitted to them. The fact is, that the state courts ARE engaged in a subterfuge to avoid review of a federal constitutional issue, namely this due process violation in the aggravation of Stafford's firearm enhancement. This is an ongoing problem in Calif. since most Calif. courts refuse to acknowledge Cunningham as applying to anyone besides Cunningham himself. This is reflected in 2 recent Calif. state cases - People v Black (II) _____ C.4th _____ (July 2007) #S126182; and People v Gomez WL2247213, wherein both courts "disagreed" with the U.S. Supreme Ct.'s decision in Cunningham, denying retroactivity in conflict with Teague and Wharton, further violating 28 USC §2254(d)(1)(2)b utilizing an "unreasonable application of clearly established federal law as determined by the Supreme Court...." and it also "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." So, once again as related in Cunningham @ 21:

"16.... The Black court did not modify California's law so as to align it with this court's Sixth Amendment precedent. See 35 Cal.4th @ 1273 [citations omitted] Rather, it construed this court's decisions in an endeavor to render them consistent with California law. The Black court's interpretation of federal constitutional law plainly does not qualify for this court's deference."

The Calif. Supreme Ct. in Black (II), IS playing games with the U.S. Supreme Ct.'s decisions in a effort to align Cunningham with the state high court's agenda to render the unconstitutional portion of the DSL "usable" to the full by the state's sentencing courts in the manner condemned in Apprendi / Blakely / Cunningham. Gomez follows that same agenda as have the Calif. courts in Stafford's case.

With the above in mind, the state court's use of Bobbit to deny Stafford does not

5

constitute "the independent state grounds" of which the federal courts will normally defer because of the U.S. Supreme Ct.'s specific statements in Cunningham above concerning the state court's reasoning in Black. In Bowie v Carey (E.D. Cal., 2006) #03-1172, the court wrote:

"... State courts may not interpret the law in such an arbitrary manner that the interpretation is nothing but an evasion of the federal due process requirements.... '[W]e are bound by the statute's construction [of state laws] except when it appears that it's interpretation is an obvious subterfuge to evade consideration of a federal issue; Peltier v Wright (1994) 15 F3d 860, 862); see also Oxborrow v Eikenberry (1989) 877 F2d 1395, 1399."

Also since the Calif. Supreme Ct.'s denial of Stafford's habeas petition contained neither citation nor opinion (Ex. D), then it doesn't qualify under §2254(d) for the deference that might normally apply - Contreras v Rice 5 F.Supp.2d 854, 862 (1998):

"If a state Supreme Court's opinion that is "without citation or authority or accompanied by a written opinion" does not qualify under section 2254(d), for deference to that state court's decision by the federal courts."

And in Luna v Cambra 306 F3d 954 (9th. Cir. 2002):

"Nevertheless,the lack of a reasoned explanation is relevant to our scope of review. When we are confronted with a state court's "postcard denial" such as the one issued by the California Supreme Court in this case, we have nothing to which we can defer³. Fisher 263 F3d @ 914."

Which of course happened here with the Calif. Supreme Ct. in their postcard denial of Stafford's habeas petition. And under Calif. Rules of Court (CRC) Rule 4.551(g), ALL Calif. courts MUST give a brief recitation of reasons for the denial of habeas corpus petitions. Under P.C. §1237.5, normally a petitioner such as Stafford must seek AND obtain the requisite certificate of probable cause, but the citation to Bobbit and the cases Bobbit relied on did not envision a circumstance such as now exists due to the ruling in Cunningham by the U.S. Supreme Ct.. Stafford raised that point before the state courts as "special circumstances" in his habeas petitions to them.

GROUND 1: THERE WAS CONSTITUTIONAL BASIS FOR THE CALIFORNIA COURTS TO CERTIFY STAFFORD'S ISSUES WITH A CERTIFICATE OF PROBABLE CAUSE. DUE PROCESS,EQUAL PROTECTION OF THE LAW, EFFECTIVE ASSISTANCE OF COUNSEL, 5th., 6th. and 14th. AMENDMENTS U.S. CONSTITUTION.

In Calif., defendants who plead guilty or nolo contendere must normally comply with the strictures of P.C. §1237.5. Stafford did apply for that certificate at every level in the Calif. state courts as required by that section and he also lodged that petition as a habeas corpus petition. §1237.5 includes appeals based on "... reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings and procedures for them."

6

A trial court is not responsible for determination of error in §1237.5 proceedings, but only to eliminate those appeals having no legal basis - People v Warburton 7 Cal.App.3d 815, 819. §1237.5 requires the trial court to certify any arguable, meritorious appeal, and the court should certify the appeal if there are cognizable issues - In re Brown 9 C.3d @ 83 fn.6, and Warburton @ 820; People v Ribiero 4 C.3d @ 63 fn.4.

Stafford raised a colorable claim concerning his 6th. amendment constitutional right to effective assistance of counsel regarding his counsel's lack of preparation leading up to the plea - Magge v Superior Ct. 8 C.3d 949, 954.

Stafford raised a "change in the law" or "new law" in Cunningham, under Terry, King, and Harris, regarding the maximum penalty the sentencing court may impose without making additional findings not made by a jury. Terry, king and Harris all relate to that "change in the law" flowing from a new U.S. Supreme Ct. decision which justifies raising the issue on habeas corpus; and how the sentencing court violated Stafford's right to due process through the DSL provision placing the fact finding sentence-elevating authority with the judge in violation of due process under the 14th.Amendment.

It is what Stafford is challenging, not the time or manner in which the challenge is made - Pannizon @ 68; Stafford's aggregate sentence is 17 years at 85%,the firearm enhancement is the supposedly subordinate term of 10 years, which is longer than the principal term: 187(A)/664 - 7 years (the mid-term). Due to reasons argued below, this disparity resulted in an "unauthorized sentence" - People v Scott 9 C.4th 331.

The firearm allegation was charged and pled under §12022.5(a), and not proven under §(d). an enhancement under 12022.5(a) carries a 3 term range of 3, 4 Or 10 years. Stafford was sentenced to the aggravated, upper-term of 10 years.

Gun use is an element of 187(A)/664 and as such cannot constitutionally both be used to prove the principal crime and enhance the sentence or dual use of facts occurs. This also violates 12022.5, when a defendant such as Stafford, who was NOT also charged under P.C. 245(a)(2) and therefore violates legislative intent. People v Ledesma 16 C.4th 90; People v Hernandez 46 C.3d 194.

Under P.C. §1170.1(a), a sentence enhancement under 12022.5(a) is to be imposed as 1/3 the principal term; since determinate, subordinate, consecutive sentences apply gun use attached to the offense - People v Felix 22 C.4th 651. Under P.C. §654 the 10 year enhancement Stafford received is prohibited, and failure to stay that enhancement exceeds the court's statutory authority resulting in an unauthorized or illegal sentence. Neal v Calif. 55 C.2d 11; People v Harris 255 Cal.Rptr. 352; also see People v Ortega 84 Cal.App.4th 659; also Cunningham @ 10-11.

Stafford's sentencing judge's choice of the upper term aggravated enhancement without

7

stating the mandatory reasoning on the record for that "sentencing choice" violates §1170.1(d) - Scott 9 C.4th @331. While a consecutive AND upper term violates §1170(b) - People v Stofle (1996) _____ Cal.App.4th _____, #A067877.

Cunningham, which is "new law" as addressed above, does cover Stafford's nolo plea; the relevant statutory maximum is the 4 year mid-term, not "the maximum" 10 years "a judge may impose after finding additional facts, but the maximum he may impose without any additional findings", 4 years in this case. Blakely 542 U.S. @ 303-05 and Cunningham @ 1, 10, 15-16, 17, 21. Since no jury made any additional findings in Stafford's case, then under Apprendi / Blakely / Cunningham, the sentencing judge violated due process in setting the upper term of 10 years rather than the mid term of 4 years.

Stafford's attorney rendered ineffective assistance of counsel by his failure to investigate the relevant sentencing statutes prior to Stafford's sentencing hearing regarding the gun enhancement - In re Robbins 18 C.4th 770 @ fn.15; Strickland v Washington 466 U.S. 691; In re Vargas 100 Cal.Rptr.2d 269-71, 273. Thus allowing Stafford to enter a nolo plea and be sentenced to an excessive term of 10years on the gun enhancement for which he had not been properly charged in the first place - 6th. Amendment - effective assistance of counsel, 14th. Amendment due process of law.

GROUND 2: FACTS PLED TO MUST BE CHARGED AS A MATTER OF LAW UNDER P.C. §1170.1(e), A 10 YEAR ENHANCEMENT UNDER P.C. §12022.5(a) IS NOT STATUTORILY AUTHORIZED GIVEN THE CIRCUMSTANCES - UNAUTHORIZED SENTENCE - JUDGE EXCEEDED HIS STATUTORY AUTHORITY -UNCHARGED CRIME - DUE PROCESS.

Stafford maintains that any facts pled to must first be charged in the indictment. P.C. §1170.1(e) limits a sentence to the charged offenses pled to. People v Vargas 13 Cal.App.4th @ 1667; People v Jones 123 Cal.App.4th 62. This is a "legislative requirement" - People v Hernandez 46 C.3d 194; People v King 5 C.4th 59, 78 fn.5.

Stafford's offense as charged is not in accord with the extent of the punishment received - 12022.5(a); Black @ 1257. See Ex. A. 12022.5 does not include 187(A)/664,since the use of a firearm IS an element of the base offense and therefore proscribed - Walker v Superior Ct. 47 C.3d 112; Sheppard v Rees (9th. Cir.) 909 F2d 1234; U.S. v Adamson (9th. Cir.) 291 F3d 606. 12022.5 states in pertinent part:

"A sentencing enhancement 'SHALL' be imposed for any person who personally uses a firearm in the commission or attempted commission of a felony UNLESS USE OF A FIREARM IS AN ELEMENT OF THE OFFENSE, the penalty range is 3, 4, or five years."

§12022.5(a)(1) states in pertinent part:

"Any person who personally uses a firearm in the commission... of a felony shall, upon conviction of that felony... in addition and consecutive to the punishment

8

prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years."

Stafford was charged with and sentenced to 10 years under §12022.5(a). Another pertinent part of 12022.5 provides:

"The additional term provided by this section (see (a)(1)) MAY be imposed in the cases of assault with a firearm under paragraph (2) of subd. (a) of section 245."

Gun use IS an element of §187(A)/664,so the application of 12022.5(a)violates legislative intent under 12022.5 when P.C. §245(a)(2) is not charged as it wasn't in Stafford's case,and is therefore unauthorized by law. Accordingly, the language of 12022.5 (a) does not trigger (a)(1), (d) into application in this case for 1) "firearm use" is an element of 187(A)/664,and 2) "P.C. §245 (a)(2) was not charged against Stafford. Case precedent states under Alexander v Superior Ct. 5 C.4th 1218, 1225:

"Courts MUST construe statutory language according to its ordinary meaning." (Emphasis added.)

Accordingly, the following cases all held "use" enhancement inapplicable to assault with intent to commit murder under the original version of §12022.5,which included only murder and assault with a deadly weapon - People v Strickland 11 C.3d 946, 959-96; People v Floyd 71 C.2d @ 883; In re Shull 23 C.2d @ 749; People v Provencher 33 Cal.App.3d 546, 548-50; People v Ledesma 16 C.4th @ 99. Thus,the 10 year enhancement period does not comport with the facts and evidence of this case, but 4 years IS the maximum (mid-term) as charged by law, and is in accord with Cunningham.

Stafford's firearm enhancement is more than double the base term under §1170.1(a), and is therefore an unauthorized sentence - 1170.1(b) limits the sentence to 1/3 the principal term for a weapon enhancement. So Stafford's current aggravated enhancement term of 10 years violates both 1170.1(a) and 1170.1(b).

Stafford was sentenced to a determinate aggregate sentence of 17 years. under the DSL consecutive enhancements are full term for indeterminate crimes (life max.), 1/3 the principal term for violent determinate crimes (such as Stafford's), and not imposed at all for non-violent determinate crimes. Felix, Supra.

Murder and attempted murder are listed as violent under P.C. §667.5(c)(1)(12), Felix @ 655. Thus, Felix asserted 12022.5(a)(1) provides that "any person who personally uses a firearm while committing the offense shall receive an additional term of 3, 4 or 10 years." The full term for the enhancement is added to the principal term. Enhancements are wholly excluded for felonies not defined as "violent" under §667.5(c). Enhancement are added to principal terms for "violent" felonies, but they can be only 1/3 the principal term under §1170.1(a), see also 1170.11. Since Stafford's aggravated

9

enhancement is violent , but also DETERMINATE, then it IS subject to §1170.1(b)'s 1/3 limit, for consecutive enhancements. Stafford's counsel should have known that and acted accordingly in Stafford's behalf, but did not do so. Felix, @ 657:

"DSL one-third limit of 1170.1 for consecutive subordinate terms and enhancements does apply to an offense carrying a determinate sentence or to an enhancement attached to an offense which carries an indeterminate term of imprisonment." (Id. @ p. 653, 22 Cal.4th.). Also see People v Casper (2004) 33 Cal.4th @ p. 41 asserting in this instance consecutive sentence is not required."

In Stafford's case, his principal term is 7 years DETERMINATE. According to 1170.1(a), 1/3 the principal term would mean that even under 12022.5(a) in line with 1170.1(a), 1/3 of 7 years (the principal term) would limit the enhancement to 2 years 4 months (1/3 x 7 years = 2 years 4 months), the 1/3 limit DOES apply in this case.

Under P.C. §654(a-c), the length of punishment for the enhancement must be stayed, it is the sentencing court's failure to stay that penalty, which also exceeds the sentencing court's jurisdiction and further exacerbates defense counsel's ineffectiveness for not first informing Stafford of this issue, but then allowing this illegal portion of the sentence to go forward without objecting to this illegal enhancement. §1170.1(e) states:

"ALL enhancements SHALL be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact." (Emphasis added.)

The due process provisions of the 14th. Amendment and Calif. Const. Art. I sec. 7, require a reasonable degree of certainty in legislation, especially in criminal statutes - People v Heitzman 9 C.4th 189. In order for a criminal statute to satisfy due process, the provision must be definite enough to provide a standard of proscribed activities - In re Newborn 53 C.2d 786. As raised above, where an element of the principal charge is synonymous with the enhancement allegation, that is, dual use of facts comes into play due to personal firearm use being also an element of the principal charge; and where P.C.§245(a)(1)(2) are not charged (as in Stafford's case), renders the 12022.5(a) enhancement meaningless and cumulative. Stafford cannot under due process of law and §1170.1(e),admit to, nor be sentenced to that which he has not been charged with. The 6th. Amendment states:

"In all criminal prosecutions, the accused SHALL enjoy the right... to be informed of the nature and cause of the accusation." (Emphasis added - mandatory language.)

That Constitutional guarantee is enforceable on the states through the due process clause of the 14th. Amendment. In Oliver 333 U.S. 257, 273; Sheppard v Rees 909 F2d @ 1236 (9th. Cir.). Such procedural error through failure to provide proper notice to Stafford by way of correct, constitutional charging PRIOR to the entry of his nolo plea lead to multiple punishment for one act, in violation of the 8th. Amendment.

It is well settled, that when a court acts in excess of its statutory authority and imposes an unauthorized sentence by failing to stay execution of part of a sentence, that

10

portion of the sentence cannot stand - P.C. §654, Neal v State of Calif. 55 C.2d 11, 16-17. Otherwise, it constitutes a miscarriage of justice. Stafford's unconstitutional and statutorily unauthorized aggravated sentence enhancement of 10 years IS a miscarriage of justice for the reasons stated above. In re Harris 5 C.4th 813, 838-41; People v Harris 255 Cal.Rptr. 352. P.C. §654 precludes multiple punishments for the same common element which was not charged in the indictment - 187(A)/664, 12022.5(a)(1) - People v Miller 18 C.3d 873, 885; People v Deloza 18 C.4th 585, 591.

It must be said at this point that Calif.'s sentencing statutes are a mish-mash of often conflicting laws cobbled together by politicians anxious to appear "tough on crime" to their constituents in order to retain their positions of authority. The end result of course are cases like Stafford's where several different laws apply equally to him with no coherent guidance for sentencing judges. Whenever a judge is confronted with conflicting or ambiguous penal statutes, the Rule of Lenity comes into play. In U.S. v McNeese 901 F2d 585:

"Under BIFULCO Rule of Lenity, criminal penalties must be narrowly construed; any ambiguity in criminal statute, including sentencing must be resolved in favor of lenity."

In U.S. v Jones 908 F2d 365:

"Ambiguity in sentencing guidelines requires that rule of lenity be applied and that all doubts be resolved in favor of defendant." See also Bell v U.S. 99 LEd2d 905."

U.S. v Fuentes-Barahona 111 F3d 651:

"Rule of lenity applies to sentencing as well as to penal statutes."

and in Huddleston v U.S. 39 LEd2d 782:

"1) Rule of lenity requires sentencing court to impose lesser of two penalties when there is actual ambiguity over which penalty should apply. 2) Rule of lenity requires that doubts be resolved in favor of defendant when there is ambiguity in penal statutes."

So then, these ambiguities in Calif.'s penal statutes regarding sentence enhancements - 12022.5, 12022.5(a-d), P.C. §187(A)/664, P.C. §245(a)(2), P.C. §1170.1(a-h); variously under these conflicting statutes, Stafford:

"1) should not have received any firearm enhancement at all due to dual us of facts prohibition 187(A)/664, §654;
2) wasn't charged under the appropriate statute in the first place - 12022.5(d), 1170.1(d)(e), P.C. §245(a)(1)(2);
3) could only receive an enhancement of 3, 4 or 5 years - 12022.5;
4) could receive an enhancement of 3,4 or 10 years - 12022.5(a)(1);
5) could only receive an enhancement of 1/3 the principal term (1/3 x 7 years = 2 years 4 months), OR 1/3 the base enhancement term (1/3 x 4 years = 1 year 4 months) - 1170.1(a).

So then, given the actual circumstances of Stafford's case, he could have possibly received:

no enhancement at all;

11

1 year 4 months;

2 years 4 months;

4 years;

5 years;

or 10 years!

Since that portion of the DSL giving the judge sole authority to aggravate sentences WAS struck down and/or invalidated in Cunningham, the Stafford's aggravated enhancement has also been invalidated as a matter of law - equal protection and due process. This enhancement conflict now comes before this court since Calif.'s state courts have refused to rule on these issues. The Rule of Lenity would require that any doubts be ruled on in favor of Stafford. So it comes down to this:

1) Strike the enhancement altogether - P.C. §654, 187(A)/664, dual use of facts;

2) strike the enhancement altogether as wasn't properly charged under correct statutes - P.C. §245(a)(2), 12022.5(d), 1170.1(e);

3) could only receive enhancement of 3, 4 or 5 years, (4 years under Cunningham) - 12022.5;

4) could only receive enhancement of 3, 4 or 10 years (4 years under Cunningham) - 12022.5(a)(1);

5) could only receive 1/3 the principal term, either 1/3 x 7 years = 2 years 4 months or 1/3 x 4 years = 1 years 4 months - 1170.1(a).

GROUND **3**: THE SENTENCING COURT'S CHOICE OF THE UPPER TERM OF 10 YEARS UNDER 12022.5(a)(1), AND TO RUN THAT ENHANCEMENT CONSECUTIVELY VIOLATES 1170.1(d)(h) WITHOUT STATING THE REQUIRED REASONS FOR THAT SENTENCING CHOICE, ALSO VIOLATES DUAL USE OF FACTS - DUE PROCESS, EQUAL PROTECTION OF THE LAWS, MULTIPLE PUNISHMENTS - 8th. AND 14th. AMENDMENTS U.S. CONSTITUTION.

Since Cunningham invalidates the portion of the DSL empowering the sentencing judge to find additional facts to use to aggravate sentences to upper terms, then the aggravated upper term enhancement Stafford received absent ANY additional findings from any source, especially since no jury was involved, he is entitled to all the same rights at any resentencing hearing. Due to the invalidation of his previous enhancement, all these issues now come to light under the "new law" of Cunningham. Cunningham @ 1, 2, 6, 7, 8, 9, 10, 12 fn.10, 15-16, 17, 20, 21; Dix v Superior Ct., Supra:

"When a case is remanded for resentencing after an appeal, the defendant is entitled to all the normal rights and procedures available at his original sentencing, including consideration of any pertinent circumstances that have arisen since the prior sentences were imposed."

In King v Hoke, Supra:

"It is well established... or materially false assumptions as to any facts relating to sentencing renders the entire sentencing procedure invalid as a violation of due process." See also U.S. v Malcolm 432 F2d 809, 816 Citing Townsend v Burke 92 LEd2d 1690."

and in Davis v Bryan, Supra:

"Petitioner has a due process interest in having the correct sentence imposed by the proper authority."

Under Calif.'s "new law" principle, the courts are required to consider and apply new U.S. Supreme Ct. decisions such as in Cunningham to petitioners / appellants - Terry @ 916; King @ 229 fn.2; In re Harris @ 841.

Another point that is important to raise herein, is that the sentencing court in Stafford's case linked the amount of his "restitution fine" to the number of total years he would receive, $200 times the number of years he received - $200 x 17 = $3400 (see Ex. A, pg. 3, lines 2-4 & 16-17). Therefore, any reduction in the aggregate number of years Stafford is resentenced to should also be reflected in a commensurate reduction of the same $200 per year of the restitution fine, otherwise, the sentencing court would find itself confronted with another due process violation.

According to P.C.§1170.1(d)(h), the sentencing court is required to state its reasons for specific sentencing choices regarding upper term sentencing and consecutive sentencing of Stafford. See Ex. A, pg. 2 lines 17-19 and pg. 3 lines 9-13. Under 1170.1(d)(h),it is unlawful to aggravate the instant enhancement from the mid-term of 4 years to the upper term of 10 years, and then, ALSO run that upper term consecutively to the principal term of 7 years. In People v Hill 207 Cal.App.3d 1574, imposition of the mid-term applies to all DSL 3 tier low/mid/upper terms - People v Jefferson 21 C.4th 86, 95, is not a sentencing choice and requires no statement of reasons.

However, Stafford's case differs significantly in that respect from People v Ledesma 16 C.4th 90, where 12022.5(d) declares no discretion, but here,is not mandatory when the upper term is chosen. People v Cambell 40 C.4th 808, People v Voca 38 Cal.App.4th 804, 807-08; see also People v More 178 Cal.App.3d 898. Stafford's judge's failure to state "adequate reasons" is clearly shown in the record - Ex. A.

Using the same facts of 'personal use of a firearm' to both enhance Stafford's sentence with the separate 12022.5(a)(1) term, and aggravate that term to the longer 'upper' 10 year maximum, and then further, run that term consecutively to the principal 7 year term, may actually constitute a TREBLE use of the same facts which violates the 8th. Amendment. Also, since 187(A)/664 includes gun use as an element, ("a fact that is an element of the crime SHALL NOT be used to impose the upper term" CRC Rule 4.420(d).), then the aggravated enhancement would in this case constitute a QUADRUPLE use violation! Multiple use of the same fact(s) is prejudicial error and requires remand under P.C. 1170(c); People v Belmontes 34 C.3d 355; P.C. 1170.1(b); People v Stofle 1996 DJDAR pg. 5425; P.C. 1170.1(h); 1202.4; CRC Rule 408(a), 420(b); CRC Rule 423 factors in mitigation or aggravation, criteria affecting concurrent and consecutive sentencing. People v Scott 9 C.4th @ 349-50. In Jones v U.S. 526 U.S. 227:

13

"We examined the Sixth Amendment's historical and doctrinal foundations, and recognized that judicial fact finding operating to increase a defendant's otherwise maximum punishment posed a grave constitutional question. Id. @ pp. 239-252."

GROUND  4  STAFFORD'S SENTENCE ENHANCEMENT SET TO THE 10 YEAR UPPER TERM VIOLATES DUE PROCESS OF LAW UNDER THE 14th. AMENDMENT ACCORDING TO CUNNINGHAM WHICH ENCOMPASSES BOTH SENTENCING AFTER TRIAL BY JURY AND SENTENCING AFTER ENTRY OF A PLEA. 6th. AMENDMENT - INEFFECTIVE ASSISTANCE OF COUNSEL.

Stafford was sentenced on 5-25-05 after entering a nolo plea. The total sentence was for 17 years at 85% (15% good conduct credits possible), 7 years for the attempted murder, 10years for the gun enhancement. The two terms were set to un consecutively - see Ex. A. Stafford's counsel Billingsley at sentencing entered no statement in mitigation on behalf of Stafford CRC Rules 439(b) and 441(c) - on whether or not he qualified for an upper term aggravated enhancement, a stayed enhancement term, or a concurrent and/or lower or mid-term enhancement. See P.C. §1170.1(d). This is material concerning the expected professional representation by counsel and the correct legal choice under law by which the sentencing court SHOULD have been guided.

Absent the required pre-plea and sentencing defense representation and the ensuing loss of statutory and constitutional protections, Stafford was left effectively without effective assistance of counsel during sentencing and "reasonable suspicion" that excessive enhancement was in fact levied, is required. Constitutionally,a 'plea' is required to be "knowing and voluntary", but without effective assistance of counsel in the pre-plea and sentencing phases, how can his nolo plea actually be considered "knowing and voluntary"?

### UNCONSTITUTIONAL FACT FINDING

Stafford's 12022.5(a)(1) 10 year aggravated enhancement is excessive under Cunningham and violates his 6th. amendment right to have a jury decide any factors in aggravation under the correct evidentiary standard, and his 14th. Amendment right to due process of law. Apprendi @ 490 held:

"Any fact (other than that of a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge and must be established beyond a reasonable doubt, not merely by a preponderance of the evidence."

Cunningham upheld and followed Apprendi; and invalidated the DSL's sentence aggravating authority vested in the sentencing judge. Cunningham @ 1, etc.. Statutory enhancements such as 12022.5(a)(1) must be charged in the indictment,and its facts proved by a jury - 1170.1(e), Black @ 1257; Cunningham @ 7. A fact underlying an enhancement can't do

14

double duty to impose the upper term and used to run the enhancement consecutively to the principal term - 1170(b); Stofle @ 530, #A067877. Cunningham @ 8,the court wrote concerning CRC Rule 4.420(c):

"Where permitted by statute, however,a judge may use a fact qualifying as an enhancer to impose an upper term RATHER THAN AN ENHANCED SENTENCE." (Emphasis added.)

However, under Cunningham, absent factfinding by a jury, a judge may not impose an upper term under 12022.5(a)(1). In Stafford's case the judge both imposed the enhancement and aggravated it to the upper term without any reasoning on the record (Ex. A) in violation of CRC Rule 4.420(c) and 1170.1(d)(h) which also violates due process of law under the 14th. Amendment.  Harris v U.S. 536 U.S. 545, 557-66.  In Cunningham @ 9, the court wrote:

"Apprendi said that any fact extending the defendant's sentnce beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime - and thus the domain of the jury - by those who framed the Bill of Rights."

Subsequently, Stafford's present 10 year enhancement under 12022.5(a)(1) is in excess of the court's authority, is a miscarriage of justice and without a jury's input, he should not have received that 10 year aggravated enhancement any other way - legally. Therefore, it should either be stayed or modified - at least - to the 4 year mid-term, or one of the 1/3 of principal term: Either 1 year 4 months, or 2 years 4 months.

## FACT FINDING TO AGGRAVATE APPLIES TO PLEAS

Cunningham as a U.S. Supreme Ct. decision imposes binding authority on all 'inferior' courts and judges.  The requirements in Cunningham equally applies both to sentences after trial by jury and after entry of a plea - Cunningham @ 1 & 15.

P.C. §1192.5, pleas are defined as trials / sentences.  Accordingly, the U.S. Constitution's 6th. Amendment jury trial guarantee as interpreted by the U.S. Supreme Ct.,finds unconstitutional on due process grounds, a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact other than a prior conviction, not found by a jury or admitted by a defendant. Apprendi; Ring v Arizona 536 U.S. 584; Blakely; U.S. v Booker 543 U.S. 220; Cunningham @ 1 & 15.  Thus, any factual determination that elevates or aggravates a sentence and which occurs after and separately from a jury's verdict or a defendant's plea statement, violates due process of law; and includes a judge's findings after a plea during sentencing where an aggravated sentence is imposed.

There are requirements covering enhancement allegations - P.C. 245(a)(1)(2); 1170.1(a-h); 12022.5 and 12022.5(a-d); P.C. 667.5(c),as well as terms; jurored "facts",

15

and any admitted by a defendant are used, within the phrasing,for the same applicability to sentencing - Apprendi @ 490.

In Cunningham @ 17, the court wrote:

"We cautioned in Blakely, however, that broad discretion to decide what facts may support an enhanced sentence,or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of our decisions. If the jury's verdict alone does not authorize the sentence, if instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied. Blakely, 542 U.S. @ 305 and n.8."

GROUND <u>5</u>: STAFFORD HAS SUFFERED INEFFECTIVE ASSISTANCE OF COUNSEL WHICH OCCURRED PRIOR TO THE PLEA AND SENTENCING, FOR FAILURE TO INVESTIGATE AND FILE MOTIONS WITH THE COURT, ADVISE STAFFORD OF ISSUES RAISED IN GROUNDS 1 & 2 ABOVE. THAT NEGLIGENCE ON THE PART OF DEFENSE COUNSEL RENDERED THE NOLO PLEA ITSELF UNKNOWING AND INVOLUNTARY CAUSING A MISCARRIAGE OF JUSTICE BY VIOLATING THE 6th. & 14th. AMENDMENTS U.S. CONSTITUTION.

Stafford contends that counsel Billingsley did not investigate the circumstances, sentencing laws and indictment against Stafford. As a result, failed to competently advise Stafford regarding what his post-plea sentencing should have included and excluded. The constitutional and procedural deficiencies in this case are plain to even a cursory examination of P.C. 245(a)(1)(2); P.C. 1170.1(a-h); 12022.5; 12022.5(a-d); P.C. 667.5(c) and 187(A)/664. Deficient performance on the part of Billingsley caused Stafford to be sentenced to a term AT LEAST 6 years longer than he should have received, and if Billingsley would have checked the statutes he would have had correct information from which to negotiate a plea bargain with the prosecution and advise Stafford in accord with the LAW. That prejudice of the excessive 6 years (AT LEAST) and those unlawful results of Billingsley's negligence flowed from that ill-advised nolo plea. In re Robbins 18 C.4th 770 and fn.14; Pannizon, Supra, @ 74 - even though this issue comes subsequent to the nolo plea - People v Jones 10 C.4th 1102-06, the issue of "guilt" is not distinct from the negotiated plea and specifications of the penalty to be imposed, which are grounds under which a certificate of probable cause should have been issued; and which should have been represented as such by counsel Billingsley. Pannizon @ 78. Billingsley was ineffective through the following:

"1) Failure to advise Stafford that the meaning of the charged offense was not controlled by 12022.5(d) for sentencing purposes;

2) failure to advise Stafford that 12022.5(a) was charged, but not P.C. 245(a)(1)(2) and as a result would not trigger a 10 year aggravated enhancement of a 12022.5(a)(1) term;

3) Failure to advise Stafford that pursuant to1170.1(a), a 10 year aggravated enhancement would be more than DOUBLE the mid term of 4 years and therefore

16

illegal;

4) failed to advise Stafford that pursuant to 1170(b), ANY enhancement beyond the mid-term,more than 1/3 the principal term under a 12022.5(a) allegation would be excessive punishment and there fore against the law;

5) while P.C. 654 prohibits the very double punishment Stafford has suffered, Billingsley failed to advise Stafford, and also failed to remind the court of these statutory protections and points 1 through 6 above and below, contributing to a miscarriage of justice prior to and also integral to with the nolo plea and sentencing. As a result of all of these negligent acts and judicial errors, resulted in a "tainted waiver" of Stafford's constitutional rights to due process, effective assistance of counsel,right to a jury's determining any facts in aggravation and equal protection of the law, as well as dual use of facts under the 6th. and 14th. Amendments;

6) failure to object to or move the court for a statement of reasons for the court's sentencing choices for the aggravation of the 12022.5(a)(1) personal use enhancement,and to run that aggravated enhancement consecutively to the 187(A)/664 principal term REQUIRED under P.C. §1170.1(b)(d); Harris 5 C.4th 2 833; whereas the sentencing court, absent Stafford being charged under P.C. 245(a)(1)(2) and In re Ricky H. 30 C.3d @ 191, lacked jurisdiction (without stating reasoning) to impose the greater punishment under 12022.5(a) in aggravation to 10 years, the upper term - Ledesma @ 96; n re Dennis 104 Cal.App.3d 16.

According to P.C. 1170(a)(2) and In re James 101 Cal.App.3d 332, 339,also requires the sentencing court to order a period of confinement corresponding to applicable upper term such as 12022.5(a) and In re Eugene R. 107 Cal.App.3d @ 618, but those authorities conflict with Cunningham which invalidated a California judge's authority to fix an upper term ABSENT additional findings beyond the elements of the charged offense by the jury or admitted by defendant - Id. @ 1-2, 5-6, 7-8, 10, 17.

Following Robbins @ fn.14, Stafford contends that counsel's failure to inform him of all the terms and consequences above, under the A.B.A. and N.L.A.D.A. Rules and Guidelines - "Prevailing Professional Norms",counsel's failures clearly amounts to Ineffective Assistance of Counsel, and denied Stafford Fundamental Due Process of Law and Fundamental Fairness in the adversarial process under the 5th., 6th. and 14th. Amendments.

The use of the "unauthorized enhancement" in this case and the resulting illegal sentence of 10 years comprises the prejudice component necessary to prove ineffective assistance and the crucial information withheld from Stafford (above) which he needed in order for his waiver to have been "knowing and intelligent" caused his nolo plea to become "involuntary" by necessary implication. The fact is that Billingsley did not "DEFEND" Stafford in not providing the armor of knowledge from which to make his decision leading to the nolo plea, People v Alvernaz 2 C.4th @ 937; Strickland v Wash. @ 687; Santobello v New York 404 U.S. 257;and in failing to direct the court's attention to the

17

statutory limitations beyond which the 'negotiated' sentence could not extend - P.C.
245(a)(1)(2); 187(A)/664; 667.5(c); 1170.1(a-h),1170(b); 12022.5; 12022.5(a-d); and
Alexander v Superior Ct., Supra @ pg. 1225:

"Courts MUST construe statutory language according to its ordinary meaning."
(Emphasis added.)

Facts pled to must first be charged in the indictment 1170.1(e), but the court acted in
excess of its jurisdiction and the aggravated enhancement as sentenced cannot stand in
light of Cunningham. See also Neal v State of Calif. 55 C.2d @ 16-17.

Stafford contends that he could have received a better plea bargain had he known ALL
the facts which Billingsley withheld from him and should not have been subject to the 10
years aggravated enhancement under California law prior to Cunningham - P.C. 1170.1(a-h),
1170(b), 12022.5, 12022.5(a-d). At the very least, the prosecution would have been
forced to amend the complaint against Stafford - In re Williams 1 C.3d 168.

## CONCLUSION

Stafford has shown above how his upper term aggravated enhancement is unconstitutional
according to the U.S. Supreme Ct.'s decision in Cunningham; that this court does have
jurisdiction under 28 USC §2254(d)(1)(2) to hear and decide this petition since Calif.'s
courts have rendered unreasonable determinations in light of the facts and evidence
presented in the state court proceedings; and involves unreasonable applications of
clearly established federal law as determined by the U.S. Supreme Ct. in Cunningham,
Teague, Wharton, Santobello, Apprendi, Blakely, Bowie v Carey, Contreras v Rice / Luna v
Cambra (both following U.S. Supreme Ct. decisions); as the only "reasoned explanation" in
the state courts was from the Alameda Co. Superior Ct., which blindly ignored how
Cunningham aplies both to sentences after jury trial AND after entry of a plea.

Stafford's 10 year aggravated upper term enhancement is invalid under Cunningham, and
as a result he MUST be resentenced to a lower or no term - if stricken altogether, and
this opens up the sentencing procedure to full scrutiny by this court.

That the Calif. Appellate Ct. and Calif. Supreme Ct. have both lodged what amounts to
"postcard denials" in violation of prior state and federal court precedents and CRC Rule
4.551(g) which is a due process violation because their "decisions" don't accord them the
deference normally accorded to state court decisions.

That Cunningham is retroactive under the "Watershed rule" in Teague v Lane, Supra, and
Wharton v Bockting, Supra; as well as under Calif.'s "new law" principle where a new U.S.
Supreme Ct. decision justifies post-appeal habeas petitions - Terry, Supra; King,Supra;
and Harris, Supra; due process.

That the Calif. Supreme Ct. in Black (II) is again seeking to 'mold' a U.S. Supreme

18

Ct. ruling (Cunningham) to comply with Calif. state precedent and mis-apply U.S. Supreme Ct.precedents in an objectively unreasonable manner in violation of 28 USC §2254(d)(1)(2). The Calif. Supreme Ct. is following its own agenda to render the invalidated portion of the DSL "usable" to the full by the Calif. sentencing courts. Due process.

The Calif. courts are engaged in a subterfuge to avoid consideration of a federal issue in evading review of Stafford's habeas issues. Peltier v Wright 15 F3d 860, 862. due process.

How his public defender Billingsley was ineffective by failing to investigate the relevant statutes and in not fully informing Stafford of the alternatives to a nolo plea for a 17 year sentence in which he MUST serve 85%. 6th. Amendment.

That there is a dual use violation in the aggravated enhancement as it is now, considering his principal term of 7 years under 187(A)/664 – gun use is an element of the offense.

That the charges he was indicted under do not support the aggravated upper term enhancement of 10 years – 1170.1(e); 12022.5; 12022.5(a-d); and that 1/3 the mid-term ismore in line with Calif. law, Felix, Supra @ 655; 1170.1(a)(b). due process, equal protection of law.

Ambiguous penal statutes invoke the Rule of Lenity, and how Stafford should benefit from it in this case. due process, equal protection of law.

The sentencing court MUST state its reasons for aggravating a sentence and for setting multiple counts to run consecutively – Stafford's sentencing judge did not do so – 1170.1(d)(h) – due process, equal protection of the law.

## PRAYER FOR RELIEF

Stafford requests the court grant this habeas petition , issue the writ and rule:

1) That Cunningham does have retroactive effect under Teague and Wharton, and that it does fully apply to Stafford;

2) that the Calif. state courts have failed in their duty to follow clearly established federal law with respect to the U.S. Supreme Ct.'s decision in Cunningham by seeking to circumvent the court's plain language ruling and that Cunningham DOES affect sentences after pleas as well as after jury trial;

3) that Stafford's aggravated 10 year upper term enhancement is unconstitutional as a matter of law (due process violation), and in light of Cunningham, a 10 year aggravated upper term sentence is invalid and Stafford must be resentenced to a lower term commensurate with Cunningham and Calif. law regulating sentencing;

19

4) that the Calif. Appellate Ct. and Calif. Supreme Ct. have again rendered silent, 'postcard denials' in violation of due process and therefore don't deserve the deference normally accorded state court "decisions";

5) that the Calif. Supreme Ct. is ignoring the U.S. Supreme Ct.'s clear direction in Cunningham and is amaurotically seeking to 'mold' Cunningham to comply with Calif. law and mis-apply U.S.Supreme Ct. precedents in an objectively unreasonable manner (Black (II)) in violation of 28 USC §2254(d)(1)(2), in an attempt to render the unconstitutional portion of the DSL "usable to the full" by Calif. sentencing judges;

6) the Calif. courts have engaged in a subterfuge to avoid consideration of a federal issue in evading full review of Stafford's habeas petition;

7) That Stafford's attorney Billingsley was ineffective through failure to investigate the relevant sentencing statutes before urging Stafford to accept an unconstitutional plea agreement;

8) that the dual (multiple) use of facts in the conflicting sentencing statutes nullifies the enhancement, and as a result, the 10 year enhancement should be stricken or stayed;

9) the charged indictment does not support the 10 year aggravated enhancement,and as a result it should be stricken;

10) that among the various possible sentences, this court should direct Alameda Co. Superior Ct. to resentence Stafford to one of the following:

A) 1/3 the mid-term of 4 years = 1 year 4 months enhancement;

B) 1/3 the principal 7 year sentence = 2 years 4 months;

C) 4 year mid term enhancement;

C ii) that under the rule of lenity, where ambiguous penal statutes conflict, the lighter punishment is imposed which means on of 3 possible alternatives to the above:

1) Strike or stay the enhancement;

2) 1/3 the mid term of 4 years = 1 year 4 months;

3) 1/3 the pricipal 7 year term = 2 years 4 months.

and further, that since the $3400 restitution fine was based upon a formula by the sentencing judge of $200 per year of confinement, then any reduction in the aggregate term should also be reflected in a commensurate reduction in the total restitution fine.

Respectfully submitted this ___/ ᛉ___ day of 𝕏ℛ1 ℚ2008.

_____
Joseph Anthony Stafford in pro se

20

VERIFICATION

I, Joseph Anthony Stafford, the petitioner, do swer under the penalty of perjury that the above is true and correct to the best of my knowledge. Sworn this ___/ 8___ day of June ,2008.

Joseph Anthony Stafford in pro se

CC: JAS

E

X

H

I

B

I

T


A

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
5                IN AND FOR THE COUNTY OF ALAMEDA
              BEFORE THE HONORABLE C. DON CLAY, JUDGE
6                     DEPARTMENT NO. 513

7

8
    THE PEOPLE OF THE STATE                         No. H38017
9   OF CALIFORNIA,

10           Plaintiff,

11
    vs.
12

13  JOSEPH ANTHONY STAFFORD,

14           Defendant.
                                      /
15

16

17              **REPORT AND SENTENCE - STATE PRISON**

18

19
                      HAYWARD HALL OF JUSTICE
20                     HAYWARD, CALIFORNIA

21                       (JUNE 22, 2005)

22
    APPEARANCES:
23
    For the People:                  TOM BURKE
24                                    Deputy District Attorney

25  For the Defendant:               DAVID BILLINGSLEY
                                     Deputy Public Defender
26
    For Probation Department:        DEBBIE FONG
27                                   Probation Officer

28


                    Marilyn Sage, CSR 11873

1  June 22, 2005                    (Morning session)

2

3          THE COURT:  Joseph Anthony Stafford on the R & S

4  calendar, docket H38071.  Counsel state their names for the

5  record.

6          MR. BILLINGSLEY:  David Billingsley appearing with

7  Mr. Stafford who is present and in custody.

8          MR. BURKE:  Thomas Burke for the People.

9          THE COURT:  All right.  Do you waive formal

10 arraignment for judgment and sentence.?

11         MR. BILLINGSLEY:  Yes.

12         THE COURT:  Any legal cause why sentence should not

13 now be pronounced?

14         MR. BILLINGSLEY:  No legal cause.  I would like to

15 be heard on one of the recommendations of the Probation

16 Department.

17         THE COURT:  The Court has read and considered the

18 Probation Report.  I'll follow the negotiated disposition.

19 Mr. Burke, would you like to be heard?

20         MR. BURKE:  No.  I'm submitting on the negotiated

21 disposition.

22         THE COURT:  Mr. Billingsley?

23         MR. BILLINGSLEY:  Your Honor, the Probation

24 Department is recommendING that the Court set a restitution

25 fine in the amount of $3,400.  While I understand we have a

26 very serious charge here, restitution is going to be reserved

27 for two complaining witnesses in this matter and I would be

28 asking, in light of any payments that be made to them, the

Marilyn Sage, CSR 11873

1 | Court set the restitution fine of $200.

2 | THE COURT: What I'm going to do, because the law
3 | says I'm supposed to, is set it at $200 times the number of
4 | years I'll set and you can subject it to modification. If he
5 | does make restitution payments to the victims, I'll offset
6 | them. How's that?

7 | MR. BILLINGSLEY: Submitted.

8 | THE COURT: All right. In this matter probation is
9 | denied. Defendant is sentenced on Count 1 to the mid-term of
10 | 7 years State Prison and, consecutive to that, he'll be
11 | sentenced to the use clause of 10 years State Prison for a
12 | total aggregate term of 17 years, which is at 85 percent with
13 | credits of?

14 | THE BAILIFF: 326 actual, 48 Sage, for a total of
15 | 374 days CTS.

16 | THE COURT: There will be a $3,400 restitution fine
17 | imposed; $3,400 parole revocation fine which will be stayed;
18 | restitution will be reserved. He will have to provide samples
19 | pursuant to Penal Code Section 296; pay a $100 investigation
20 | fee and a $20 court security fee. That will be the order.

21 | **(Proceedings concluded)**

1  State of California        )

2                            )    ss.

3  County of Alameda          )

4

5

6

7

8

9        I, Marilyn Sage, Official Court Reporter of the

10  Superior Court, County of Alameda, State of California, do

11  hereby certify that the foregoing transcript, pages 1430 to

12  1469, in the matter of **People vs. Stafford** comprise a full,

13  true and accurate transcript of the proceedings had in the

14  within entitled matter, recorded by me by computer-assisted

15  stenotype at the time and place therein stated.

16        In compliance with Section 8016 of the Business and

17  Professions Code, I certify under penalty of perjury that I am

18  a Certified Shorthand Reporter with license number 11873 in

19  full force and effect.

20        Witness my hand this 29th day of June, 2005.

21

22

23

24

25

26                            Marilyn Sage,
                             Certified Shorthand Reporter.
27

28

Marilyn Sage, CSR 11873

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
### SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
[Not to be used for multiple count convictions or for 1/3 consecutive sentences.]

CR-290.1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA | |
|---|---|
| BRANCH OR JUDICIAL DISTRICT **HAYWARD HALL OF JUSTICE** | |

| PEOPLE OF THE STATE OF CALIFORNIA vs. DEFENDANT JOSEPH ANTHONY STAFFORD | DOB: 11/26/72 | CASE NUMBER H38017 |
|---|---|---|

AKA:

CII#: 09674887

BOOKING INFORMATION: PFN AXG384   CEN: 4270949

☐ NOT PRESENT

| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT |
|---|---|

| DATE OF HEARING 06-22-2005 | DEPT. NO. 513 | JUDGE C. DON CLAY |
|---|---|---|
| CLERK L GRACE REYNADO | REPORTER MARILYN SAGE | PROBATION NUMBER OR PROBATION OFFICER DEBBIE FONG |
| COUNSEL FOR PEOPLE ☒ Deputy District Attorney ☐ State Attorney General THOMAS BURKE | | COUNSEL FOR DEFENDANT ☐ Deputy Public Defender ☒ Private Counsel DAVID BILLINGSLEY |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | Court | Plea | Term L, M, U | TIME IMPOSED YRS. | MOS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(A)/664 | Willful, Deliberate, Premeditated Attempted Murder | 2004 | 05- 25 - 05 | | | x | M | 7 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5(a) | 10 | | | | | | | 10 | 0 |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTION OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).
5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   Restitution Fine(s) of: $3,400.00 per PC 1202.4(b) forthwith per PC 2085.5; $3,400.00 per PC 1202.45 suspended unless parole is revoked
   Restitution per PC 1202.4(f): ☐ $_____/ ☐ Amount to be determined   to: ☐ victim(s)*   ☐ Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7, below.)
   Fine(s): $_____ per PC 1202.5.  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC   ☐ CS
   Lab Fee: $_____ per HS 11372.5(a) for counts _____.  ☐ Drug Program Fee of $150 per HS 11372.7(a).
6. TESTING:   a. ☐ AIDS pursuant to PC 1202.1   b. ☒ DNA pursuant to PC 296   c. ☐ other (specify):
7. **Other orders (specify):** Defendant is ordered to pay a court security fee of $20.00. Defendant is to pay a Probation Investigation Fee of $100.00.

| 8. | TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 17 | 0 |
|---|---|---|---|

9. ☐ This sentence is to run concurrent with (specify):
10. Execution of sentence imposed
    a. ☒ at initial sentencing hearing.
    b. ☐ at resentencing per decision on appeal.
    c. ☐ after revocation of probation.
    d. ☐ at resentencing per recall of commitment. (PC 1170(d))
    e. ☐ other (specify):

| 11. | DATE PRONOUNCE 06/22/2005 | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: 374 INCLUDING: | ACTUAL LOCAL TIME 326 | LOCAL CONDUCT CREDITS 48 | ☐ 4019 ☒ 2933.1 | SERVED TIME IN STATE INSTITUTION ☐ DMH ☐ CDC ☐ Other |
|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff   ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to:  ☒ reception center designated by Director, California Department of Corrections:  ☒ San Quentin  ☐ Chowchilla
   ☐ Other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE S. ALBARICO | DATE July 19, 2005 |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR-290.1 - (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code sections
1170, 1213, 1213.5

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 513sa

Date: **June 22, 2005**    Hon. C Don Clay, Judge    L Grace Reynado, Dep.Clk.
Marilyn Sage, Reporter

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff

vs.

**JOSEPH ANTHONY STAFFORD**

Defendant

Counsel appearing    Thomas Burke, Deputy
for Plaintiff    District Attorney

Counsel appearing    David Billingsley, Esq.
for Defendant

Probation Officer    Debbie Fong,
appearing    Deputy

Nature of Proceedings:    **REPORT AND SENTENCE**

Case No. **H38017**
PFN: **AXG384**
CEN: **4270949**

Defendant is present.

Defendant having been convicted by a plea of NO CONTEST of the felony offense(s) shown below. The defendant waives formal arraignment for sentence and has no legal cause to show why the judgment of this Court should not be pronounced against him/her

The Court pronounces judgment. Defendant is to be punished by imprisonment in the State Prison of the State of California for:

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (Month/Date/Year) | CONVICTED BY Jury | CONVICTED BY Court | CONVICTED BY Plea | Term L, M, U | TIME IMPOSED YRS. | TIME IMPOSED MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(A)/664 | Willful, Deliberate, Premeditated Attempted Murder | 2004 | 05- 25 - 05 | | | x | M | 7 | 0 |

3. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12022.5(a) | 10 | | | | | | | 10 | 0 |

## TOTAL TERM: SEVENTEEN (17) YEAR(S), 0 MONTH(S).

Defendant has been in custody for **326** actual days plus **48** days good time/work time credit for a total of **374** days as a result of the same criminal act(s) for which he/she has been convicted.

Defendant is ordered to pay Restitution Fine of $3,400.00pursuant to Penal Code section 1202.4(b) and an additional Parole Restitution Fine of $3,400.00pursuant to Penal Code section 1202.45 is suspended pending successful completion of parole.

Defendant is ordered to pay a court security fee of $20.00.

It is Ordered that the said defendant be punished by imprisonment in state prison of the State of California for the Middle term of SEVEN (7) YEARS as to Count 1 plus TEN (10) YEARS as to the Use of Firearm Clause.

It is further ordered that the sentence shall be served in respect to one another as follows:  The term imposed in Count 1 is to be served consecutively to the term imposed as to the Use of Firearm Clause.

Defendant is to pay a Probation Investigation Fee of $100.00.

Defendant is to submit to blood/saliva samples for DNA testing pursuant to Penal Code 296.

Defendant is remanded to the custody of the Sheriff of the County of Alameda to be delivered by him to Director of Corrections at the California State Prison at San Quentin, San Quentin, California.

E

X

H

I

B

I

T


B


EXHIBIT   B

EXHIBIT II.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Dept. No. 9

Date: **April 24, 2007**     Hon. LARRY GOODMAN, Judge     Danielle Labrecque, Dep.Clk.
Not Reported, Reporter

| | | |
|---|---|---|
| **JOSEPH ANTHONY STAFFORD** | Counsel appearing for Plaintiff | No Appearance, Deputy District Attorney |
| Petitioner | | |
| vs. | Counsel appearing for Defendant | No Appearance |
| **PEOPLE OF THE STATE OF CALIFORNIA** | | |
| Respondent | | |

Nature of Proceedings: **EX PARTE PETITION FOR WRIT OF HABEAS CORPUS**     Case No. **H38017**
PFN: **AXG384**
CEN: **4270949**

The defendant is not present.

The Court having reviewed the defendant's Petition for Writ of Habeas Corpus filed on April 24, 2007 orders said Petition denied.

Petitioner has filed a Petition for Writ of Habeas Corpus that also includes a request for a Certificate of Probable Cause. For the reasons stated the Request for Certificate of Probable Cause is denied. The Petition fails to state a prima facie case for relief. Petitioner was charged with Willful, Deliberate, Premeditated Attempted Murder, with additional clauses for personal use of a firearm, great bodily injury and gang clauses. Petitioner's potential sentence for these crimes was life with parole plus 23 years for Count 1. On May 25, 2005 Petitioner entered into a plea agreement wherein in Petitioner agreed to plead to Count 1 as, non-premeditated attempted murder and admit the lesser personal use of a firearm clause. Petitioner agreed to a sentence of 17 years consisting of the mid-term of 7 years for the attempted murder and the aggravated term of 10 years for the use of a firearm. The balance of the Information and Petitioner's other pending matter were dismissed pursuant to the plea agreement.
On June 22, 2005, Petitioner was sentenced in accordance with the plea agreement. This sentence was imposed pursuant to California Rules of Court 4.412. The line of cases, *Apprendi/Blakely and Cunningham* do not apply where a defendant agrees to a specific term of imprisonment that involves the use of an aggravated term to achieve that specific term.
Petitioner's claim of incompetency of counsel is without merit. Petitioner has not met his burden of establishing that his counsel's performance failed to conform to an objective standard of reasonable competence. In addition Petitioner has failed to demonstrate that he was in any way prejudiced by the acts or omissions of his counsel. Petitioner was facing an indeterminate life sentence plus a substantial determinate term to be served consecutively to that indeterminate term. The plea agreement allowed Petitioner to avoid those consequences with a significantly shorter period of incarceration. The record reflects that Petitioner was fully advised of his rights and made a knowing and intelligent waiver of his rights. There were no violations of Petitioner's rights to due process. Thus there is no basis for the issuing of a Certificate of Probable Cause. Alleged *Apprendi/Blakely/Cunningham* error is not addressed without such certificate, *People v. Bobbit* (2006) 138 CA 4th 445.

E

X

H

I

B

I

T


C


COPY

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

### DIVISION FOUR

In re JOSEPH ANTHÁNY STAFFORD,
on Habeas Corpus.

A117893

(Alameda County
Super. Ct. No. H38017)

**FILED**
Court of Appeal First Appellate District

**JUN 1 4 2007**

Diana Herbert, Clerk
By_____ Deputy Clerk

BY THE COURT:

The petition for writ of habeas corpus is denied. (See *People v. Bobbit* (2006) 138 Cal.App.4th 445, 447-448.)

(Reardon, Acting P.J., and Sepulveda, J., joined in the decision.)

Date: _____          REARDON, ACTING P.J. P.J.

E
X
H
I
B
I
T

D

EXHIBIT D

S154852

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JOSEPH ANTHONY STAFFORD on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 1 6 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

PROOF OF SERVICE BY MAIL

    I, Joseph Anthony Stafford, the petitioner in the attached habeas corpus action did place a true copy of each of the following documents in the U.S. Mail receptacle at 2100 Peabody Rd., Vacaville, CA 95696-4000 on _June - 18_ 2008:

COVER LETTER TO THE CLERK;

MOTION AND AFFIDAVIT TO PROCEED IN FORMA PAUPERIS;

HABEAS CORPUS PETITION FORM;

OPENING BRIEF OF PETITIONER;

EXHIBITS A - D;

PROOF OF SERVICE BY MAIL.

Addressed to the court:

Court Clerk
U.S. District Court
Eastern District of California
501 "I" St., Suite 4-400
Sacramento, CA 95814

I, Joseph Anthony Stafford, the petitioner in this habeas corpus action do swear under the penalty of perjury that the above is true and correct to the best of my knowledge. Sworn this _June 18_, 2008.

                                 Joseph Anthony Stafford in pro se

CC: JAS