IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ANTHONY STAFFORD,

    Petitioner,

    v.

D. K. DISTO, Warden,

    Respondent.

No. C 08-3549 WHA (PR)

**ORDER TO SHOW CAUSE; DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS**

This is a pro se prisoner habeas case which was transferred here from the Eastern District of California. Petitioner has paid the filing fee.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

In 2005, pursuant to a plea agreement, petitioner pleaded nolo contendere to a charge of attempted murder with a firearm. He was sentenced to seventeen years in prison. He did not appeal, but contends he has exhausted these claims by way of state habeas petitions.

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

*v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

Petitioner's claims, with the exception of issue four, contain a jumble of state law claims and possible federal claims such that discerning that nature of any federal claim is impossible. Petitioner's issue four appears to be a straight-forward claim under *Cunningham v. California*, 127 S. Ct. 856, 871 (2007), and is sufficient to require a response, but the other claims are not. The petitioner therefore will be dismissed with leave to amend to file an amended petition clarifying the claims. To assist petitioner in doing so, he should note the following points.

Most importantly, claimed violations of state law, including the state constitution, cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). Much of the petition is devoted to arguing alleged state law violations, arguments which are especially convoluted because of the complexity of California sentencing law. Petitioner should omit state law claims. He should also note that if in his case a state court has determined that there was no error of state law, that holding as to state law is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). This court does not have the power to overrule a state court on an issue of state law.

2

Also important is that petitioner's nolo plea to the charges, which has the same effect as a guilty plea, waived all pre-plea claims except challenges to the voluntary and intelligent character of the plea and to the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). For instance, his contention that the indictment was defective, in addition to being a state law claim that is not cognizable here, probably was waived. And if the plea included an agreed sentence, it may be that objections to the sentence were waived as well.

**CONCLUSION**

1. Because petitioner has paid the filing fee, his request for leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED** as moot.

2. The petitioner is **DISMISSED** with leave to amend within thirty days from the date of this order. The amendment must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of these claims. Because the amended petition complete replaces the original petition, petitioner must include in it all claims he wishes to present, including claim four which the Court has found cognizable.

3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August ___21___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\STAFFORD3549.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>D.K. SISTO,<br><br>        Defendant. | Case Number: CV08-03549 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Anthony Stafford
V-88805
CALIFORNIA STATE PRISON, SOLANO (SOL-1)
P.O. BOX 4000
VACAVILLE, CA 95696-4000

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: August 21, 2008

Richard W. Wieking, Clerk
By: D Toland, Deputy Clerk