IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY STAFFORD, | No. C 08-3549 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| D. K. DISTO, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a habeas case filed pro se by a state prisoner pursuant to 28 U.S.C. 2254. Three of the four claims in the petition were dismissed with leave to amend, and the fourth claim was found to be cognizable. Petitioner filed an amended petition dropping the first three claims, and only asserting the former claim four. Respondent was ordered to show cause why the writ should not be granted based on that claim. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 2005, petitioner was charged in Alameda County Superior Court with attempted murder (Cal. Pen. Code §§ 187(a), 664), assault with a deadly weapon (Cal. Pen. Code § 245(a)(2)), and possession of an assault weapon (Cal. Pen. Code § 12280(b)) (Exh. 1). The attempted murder charge included two sentence-enhancement allegations – one for personally using a firearm (Cal. Pen. Code §§ 12022.5(a), 12022.53(c)), and one for inflicting great bodily

injury (Cal. Pen. Code § 12022.7) (*ibid.*). The assault charge also included the same two sentence-enhancement allegations (*ibid.*).

Petitioner entered into a plea agreement with the prosecution on May 25, 2005 (Exh. 3). Pursuant to that agreement, petitioner pled no-contest to the charge of attempted murder and to the enhancement for personally using a firearm (*id.* at 1-2). In exchange, the prosecutor dismissed all the remaining charges, enhancements and allegations, as well as an unrelated pending case (*ibid.*). The plea agreement called for a sentence of 17 years in state prison, which consisted of the mid term of seven years on the attempted murder charge and the upper term of ten years on the enhancement for the personal use of a firearm (*id.* at 2). The trial court imposed the sentence agreed upon in the plea agreement (Exh. 4).

Petitioner did not file a direct appeal. His habeas petitions in all three levels of the California courts were denied (Exhs. 5-7). Thereafter, petitioner filed the instant federal habeas petition on November 21, 2008. As the sole claim remaining herein concerns the constitutionality of petitioner's sentence, a description of the crimes petitioner committed is not necessary.

## ANALYSIS

### A.  STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the

first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

**B.  ISSUE PRESENTED**

Petitioner claims that by imposing the upper term of ten years on the enhancement for the personal use of a firearm, the trial court violated his Sixth Amendment right to trial by jury under *Cunningham v. California*, 549 U.S. 270 (2007). The Sixth Amendment requires that any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v.New Jersey*, 530 U.S.

3

466, 488-90 (2000). In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. As to California sentences, "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 549 U.S. at 273. Thus, pursuant to *Apprendi* and *Blakely*, California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that "'any fact that increases the penalty for a crime'" beyond the middle term is not "'submitted to a jury and proven beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*, 530 U.S. at 490).

Under *Blakely* and *Cunningham*, therefore, petitioner had a Sixth Amendment right to have a jury determine whether there were aggravating factors justifying the upper-term sentence on the enhancement for the personal use of a firearm. *See generally* Cal. R. Court 4.42 (setting forth factors in aggravation and mitigation justifying upper or lower term sentences). In this case, however, petitioner explicitly waived in his plea agreement any right to a jury trial on such aggravating factors. Specifically, paragraphs six and seven of the agreement, which petitioner initialed, state:

> 6. I understand that I have the right to a jury or court trial as to any sentencing factors that may be used to increase my sentence on any count, sentencing enhancement, or allegation to the upper or maximum term provided by law.
>
> 7. I hereby waive and give up my right to a jury or court trial on any sentencing factors and consent to the judge determining the existence of any sentencing factors within the judge's discretion as allowed by existing statutes and Rules of Court. I also agree this waiver will apply to any future sentence imposed following the revocation of probation.

(Exh. 3, Attachment at 2.) By agreeing to waive a jury trial on "any sentencing factors that may be used to increase" his sentence on any "sentencing enhancement to the upper term" (*ibid.*), petitioner waived his Sixth Amendment right to a jury determination of whether he should receive the upper term on the enhancement for personally using a firearm.

Petitioner argues that when he signed the plea agreement, on May 25, 2005, *Cunningham* had not yet been decided. Therefore, he could not have known when he signed the agreement that he had a Sixth Amendment right to a jury determination on the upper term of the

4

1 firearm enhancement. Petitioner contends that because he did not know about this right, he
2 could not have waived it. To begin with, paragraph six of the plea agreement, quoted above,
3 informed him of his right to a jury determination on factors that might be used to increase his
4 sentence to the upper term (*ibid.*). Moreover, while *Cunningham* had not yet been decided, it
5 did not apply a "new rule, but rather simply *Cunningham* simply applied the rule of *Blakely*.
6 *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008) (holding that *Cunningham* did not announce
7 new rule and thus applies retroactively on collateral review to convictions that became final on
8 direct review *Blakely* on June 24, 2004). As *Blakely* had been decided nearly a year prior to the
9 plea agreement, petitioner could have known when he signed the agreement and waived his jury
10 rights that he had a constitutional right to have a jury determine whether to impose the upper
11 term on the sentence enhancement.

12 The trial court did not violate petitioner's Sixth Amendment right to a jury in imposing
13 the upper term on the enhancement for personally using a firearm because petitioner waived
14 that right in his plea agreement. Consequently, the state courts' denial of petitioner's claim was
15 neither contrary to nor an unreasonable application of federal law.

## CONCLUSION

17 The petition for a writ of habeas corpus is **DENIED**.

18 Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to
19 rule on whether a petitioner is entitled to a certificate of appealability in the same order in
20 which the petition is denied. Petitioner has failed to make a substantial showing that his claims
21 amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would
22 find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484
23 (2000). Consequently, no certificate of appealability is warranted in this case.

24 The clerk shall close the file.

25 **IT IS SO ORDERED.**

26 Dated: February  1  , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.08\STAFFORD3549.RUL.wpd

5